IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>M&J EXCAVATION, INC.,<br>JOHN AUGUST SIDARI, JR. | NO: 1:20-CR-020<br><br>(Wilson, J.)<br><br>ECF |

MEMORANDUM IN SUPPORT OF MOTION TO USE HANDWRITTEN
NOTES OF AGENT GREGORY MCDOWELL

M&J Excavation, Inc. and John August Sidari, Jr. seek to use at trial for impeachment purposes handwritten notes taken by EPA Agent Gregory McDowell during his interview with Mr. Sidari on March 21, 2017. As explained below, Agent McDowell's notes are *Brady* material that are admissible as impeachment evidence pursuant to Fed. R. Evid. 613(a).

I.   **BACKGROUND**

From February 17, 2015, when he received the initial tip in this matter, until his retirement in or about September 2018, Agent McDowell was the lead agent who investigated the allegations against the Defendants. On March 21, 2017, more than two years after the alleged conduct that is the subject of the Indictment – that M&J and Mr. Sidari allegedly disturbed asbestos containing material in violation of the Clean Air Act regulations – Agent McDowell interviewed Mr. Sidari by himself, without any other agents or witnesses present. Agent McDowell did not

record the interview. Instead, Agent McDowell took handwritten notes of his conversation with Mr. Sidari. Exhibit A. Agent McDowell then used the handwritten notes to write an Investigative Activity Report of the interview. Exhibit B. Agent McDowell did not present his notes or the Investigative Activity Report he subsequently prepared to Mr. Sidari to review or sign.

On March 8, 2022, M&J and Mr. Sidari requested from the government the notes of Agent McDowell's interview with Mr. Sidari. On March 11, 2022, the government responded to this request and agreed to turn over Agent McDowell's notes of his interview with Mr. Sidari, subject to certain conditions that were memorialized in a stipulation between M&J, Mr. Sidari, and the government.[1] Exhibit C. After reviewing Agent McDowell's notes, M&J and Mr. Sidari believe that the notes are *Brady* material that should be admissible as impeachment evidence in the upcoming trial.[2]

---

[1] The government has agreed that the stipulation does not prohibit M&J and Mr. Sidari from filing the handwritten notes as an exhibit to this motion.

[2] M&J and Mr. Sidari will file a motion for the production of Agent McDowell's personnel file and information related to prior allegations of misconduct. During the period of approximately 2010 to 2013, Agent McDowell was the subject of an investigation that resulted in the EPA placing him on administrative leave for nearly **two years,** and even after the investigation concluded the EPA Director of Criminal Investigations communicated to the Offices of the United States Attorney for the five judicial districts in which Agent McDowell was working regarding his past conduct and such communication "significantly hindered" Agent McDowell's work in those districts. This information is also *Brady* material and should be available to the defense for further impeachment of Agent McDowell.

II. **LEGAL ARGUMENT**

Under *Brady*, the government must disclose to a defendant evidence that is both favorable to the accused and material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Furthermore, *Brady* evidence includes impeachment evidence that affects the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985). Regarding a law enforcement agent's rough notes, courts have found that the notes must be produced to the defendant where there is the likelihood that the rough notes contain impeachment material under *Brady*. *United States v. Pelullo*, 105 F.3d 117, 122 (3d Cir. 1997). Here, the government provided Agent McDowell's notes to M&J and Mr. Sidari, although it did not waive its position that rough notes of an interview are not otherwise discoverable. In this case, however, the notes contain substantive information that is useful to M&J and Mr. Sidari in preparing their defense. For this reason, the notes are discoverable *Brady* material and M&J and Mr. Sidari seek to use and introduce the notes in the upcoming trial.

M&J and Mr. Sidari seek to use the notes to impeach Agent McDowell and attack his credibility. The scope and extent of cross-examination is within the sound discretion of the trial judge. *United States v. Rockwell,* 781 F.2d 985, 988 (3d Cir. 1986). Here, Agent McDowell's credibility is central to the government's

3

case.³  During the investigation, Agent McDowell conducted an interviewed Mr. Sidari by himself, with no other agents or witnesses, and did not record the interview, nor did Agent McDowell provide to Mr. Sidari to review and verify his notes or his statement attributed to Mr. Sidari.  M&J and Mr. Sidari should be permitted to use impeachment evidence against Agent McDowell so that the jury can properly judge his credibility.

Under Fed. R. Evid. 613(a), a witness may be questioned concerning a prior inconsistent statement made by the witness to impeach the witness's credibility. Furthermore, discrepancies between the agent's notes of an interview and the final report can be used to impeach the agent's credibility.  *United States v. Harrison,* 524 F.2d 421, 427-28 (D.C. Cir. 1975).

Here, there is a discrepancy between Agent McDowell's notes and the Investigative Activity Report that he later prepared.  The discrepancy relates to the placement and characterization in Agent McDowell's Investigative Activity Report of a statement that he attributes to Mr. Sidari that he "acknowledged that the skid-steers ran through the asbestos that was lying on the ground." Exhibit A.  Mr. Sidari highly disputes this statement that Agent McDowell attributes to him.  This statement, which is in the ***middle*** of the Investigative Activity Report, was taken

---

³ Including for the reasons set forth in Footnote 2, above, and as set more fully in the related motion that M&J and Mr. Sidari will file later today.

from the *last line* of Agent McDowell's handwritten notes that refers to Mr. Sidari using machinery to remove materials, followed by a notation that says "skid-steers (like little bobcats)" and "through asb." Exhibit B. This discrepancy is a prior inconsistent statement under Fed. R. Evid. 613(a) and M&J and Mr. Sidari should be permitted to use the notes to impeach Agent McDowell's credibility.

  M&J and Mr. Sidari also seek to introduce the notes to test the veracity of Agent McDowell's Investigative Activity Report. Courts have permitted the use of rough notes for this purpose. *Harrison,* 524 F.2d at 427-28. The veracity of the Investigative Activity Report is a significant issue because Mr. Sidari's interview was not audio or videorecorded. As discussed above, the discrepancy between the notes and the Investigative Activity Report goes directly to the veracity of the Investigative Activity Report. M&J and Mr. Sidari should be permitted to use the notes to highlight the discrepancy when disputing Agent McDowell's recollection of this unrecorded interview. Because the veracity of the Investigative Activity Report is an issue in this case, the Court should permit M&J and Mr. Sidari to use the notes in cross-examination of Agent McDowell.

## III. **CONCLUSION**

For the reasons stated above, M&J and Mr. Sidari respectfully request that the Court grant their Motion.

Respectfully submitted,

 /s/ Lathrop B. Nelson, III
Keir Bradford-Grey (PA Bar No. 87054)
Lathrop B. Nelson, III (PA Bar No. 88254)
Montgomery McCracken Walker & Rhoads LLP
1735 Market St., 21st Floor
Philadelphia, PA 19103
kbgrey@mmwr.com
lnelson@mmwwr.com
(215)772-1500

Attorneys for Defendants
M&J Excavation, Inc. and John August Sidari, Jr.

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.7 and Standing Order 17-3, I hereby certify that the foregoing Memorandum in Support of Motion to Use Handwritten Notes of Agent Gregory McDowell was served on counsel of record through the Electronic Case Filing System.

          /s/ Lathrop B. Nelson, III
          Lathrop B. Nelson, III

5808843v1